UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Lee Pinckney, *a/k/a High Priest King, Patriot*,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Government - I.R.S., Judge Luke Brown, Prosecutor Randolf Murdock,<br><br>Defendants. | Civil Action No.: 2:19-3046-BHH<br><br>**ORDER** |

Plaintiff Henry Lee Pinckney ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against U.S. Government–I.R.S., Judge Luke Brown, Prosecutor Randolf Murdock ("Defendants"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant for preliminary consideration. On January 27, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 9), outlining the issues and recommending that this case be dismissed without prejudice and without service of process. In his Report, the Magistrate Judge summarized Plaintiff's complaint and determined that it failed to state a claim upon which relief may be granted. Specifically, the Magistrate Judge explained, *inter alia*, that Plaintiff has not alleged facts that would permit him to remove a criminal case to this Court; that any claims for malicious prosecution and false imprisonment would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); that release from prison is not relief that is available in a civil rights action; that Judge Luke Brown is entitled to absolute judicial immunity; that Prosecutor Randolf Murdock is entitled

to prosecutorial immunity; that Plaintiff has failed to state a claim pursuant to the Uniform Commercial Code ("U.C.C."); that Plaintiff's sovereign citizen claims are frivolous; that Plaintiff may not sue the I.R.S. pursuant to *Bivens*; and that Plaintiff's state law claims are subject to dismissal. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of receiving a copy. To date, Plaintiff has not filed specific objections to the Report and has instead submitted numerous declarations, an affidavit, and a notice, all of which are rambling and nonsensical.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As previously noted, Plaintiff has not filed any specific objections to the Magistrate Judge's Report. He has filed multiple declarations, but these filings do not direct the Court

to any specific error in the Magistrate Judge's findings and recommendations. The Court has reviewed the Magistrate Judge's conclusions and agrees with the Magistrate Judge's thorough analysis. Finding no clear error, therefore, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 9), and the Court dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

June 25, 2020
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.